UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN RAMOS, Booking #6977025,<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY,<br><br>                              Defendant. | Case No.: 3:25-cv-01701-JES-LR<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FOR FAILURE TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Jordan Ramos, currently detained at the Los Angeles County Sheriff's Department Men's Central Jail, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. Plaintiff claims his constitutional rights were violated during criminal proceedings held in San Diego Superior Court Case No. SCD304625. *Id.* at 1.

### FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP")

pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an *affidavit* that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (emphasis added). "The *in forma pauperis* statute authorizes courts to allow '[1] the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who [2] makes affidavit that he is [3] unable to pay such costs or give security therefor.'" *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 214 (1993) (quoting 28 U.S.C. § 1915(a)). "Section 1915(a) thus contemplates that the []person[] who is entitled to the benefits of the provision will have three characteristics: He will have the capacity to sue or be sued, to make an affidavit, and to be unable to pay court costs." *Id.* "Such affidavit shall [also] state the nature of the action, . . . and affiant's belief that [he] is entitled to redress." 28 U.S.C. § 1915(a)(1). "When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement

1  that the Court assesses an initial payment of 20% of (a) the average monthly deposits in
2  the account for the past six months, or (b) the average monthly balance in the account for
3  the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C.
4  § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then
5  collects subsequent payments, assessed at 20% of the preceding month's income, in any
6  month in which his account exceeds $10, and forwards those payments to the Court until
7  the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

8        Plaintiff did not pay the filing fee required to commence a civil action when he filed
9  his complaint, nor has he filed a motion to proceed IFP, which includes *both* the affidavit
10 required by 28 U.S.C. § 1915(a)(1) *and* certified copies of his trust funds account
11 statements as required by 28 U.S.C. § 1915(a)(2). Therefore, until Plaintiff either pays the
12 full $405 filing fee "upfront," *Bruce*, 577 U.S. at 86, or files a properly supported IFP
13 motion, his case cannot proceed. *See* 28 U.S.C. §§ 1914(a); *Cervantes*, 493 F.3d at 1051.

## CONCLUSION

15       Accordingly, the Court:

16     (1)    **DISMISSES** this action without prejudice based on Plaintiff's failure to pay
17 the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a), and his failure
18 to move to proceed IFP pursuant to 28 U.S.C. § 1915(a);

19     (2)    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to
20 re-open his case by: (a) prepaying the entire $405 civil filing and administrative fee
21 required by 28 U.S.C. § 1914(a) in full; *or* (b) completing and filing a Motion and
22 Declaration in Support of Motion to Proceed IFP that complies with 28 U.S.C.
23 § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2.b; and

24     (3)    **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved
25 form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and
26 convenience. Should Plaintiff neither pay the $405 filing fee in full nor sufficiently
27 complete and file the attached Motion and Declaration to Proceed IFP within 45 days, this
28 civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and

without further Order of the Court.[1]

**IT IS SO ORDERED.**

Dated: September 2, 2025

_(signature)_

Honorable James E. Simmons Jr.
United States District Judge

---

[1]  Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported IFP motion, his complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity."). As currently pleaded, it appears Plaintiff's complaint will be subject to *sua sponte* dismissal insofar as it appears to challenge the validity of a guilty plea entered in San Diego Superior Court Case No. SCD304625. *See* ECF No. 1 at 6–8. Constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a [civil rights] action.").