UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JORDAN RAMOS,
Booking #6977025,

                                    Plaintiff,

vs.

SAN DIEGO COUNTY SUPERIOR
COURT,

                                    Defendant.

Case No.:  3:25-cv-01701-JES-LR

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND § 1915A(b)**

**[ECF No. 5]**

Plaintiff Jordan Ramos, currently detained at the Los Angeles County Sheriff's Department's ("LASD") Men's Central Jail ("MCJ"), and proceeding without counsel, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, together with a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF Nos. 4, 5. In both his original and amended complaints, Plaintiff claims his constitutional rights were violated by the San Diego County Superior Court in Criminal Case No. SCD304625. *See* ECF No. 1 at 1; ECF No. 4 at 1, 5. He requests "exoneration through dismissal or reductions to misdemeanors" and $947 million in damages. ECF No. 4 at 6.

For the reasons explained below, the Court **GRANTS** Plaintiff leave to proceed IFP but **DISMISSES** the case.

1

# I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, all prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). A prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce*, 577 U.S. at 84.

Plaintiff's LASD jail certificate shows he had average monthly deposits of $24.34 to his trust account for the 6-months preceding the filing of his case, and an available balance of $35.40 at the time of filing. *See* ECF No. 5 at 3. Therefore, the Court **GRANTS**

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

3:25-cv-01701-JES-LR

Plaintiff's motion to proceed IFP and assesses a $4.86 initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). This initial fee need be collected, however, only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The LASD, or any agency later having custody, will thereafter collect the balance of the $350 total fee owed in this case and forward payments to the Clerk of Court as provided by 28 U.S.C. § 1915(b)(2).

## II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e) AND 1915A(b)

### A.      Standard of Review

Because Plaintiff is a prisoner as defined by 28 U.S.C. § 1915(h) and is proceeding IFP, his complaint requires preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)); *see also Hebrard v. Nofziger*, 90 F.4th 1000, 1006–07 (9th Cir. 2024) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "The standard for dismissal for prisoner claims at screening is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (Section 1915A screening "incorporates the familiar standard applied in the contest of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

///

Federal Rule of Civil Procedure 8 "prescribes the information a plaintiff must provide about the merits of his claim at the outset of litigation." *Berk v. Choy*, 607 U.S. __, __ S. Ct. __, No. 24-440, 2026 WL 135974, at *4 (U.S. Jan. 20, 2026). Thus, Rules 8 and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.* Dismissal "under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Valame v. Trump,* 157 F.4th 1172, 1173 (9th Cir. 2025) (per curiam) (citing *Somers v. Apple, Inc.* 729 F.3d 953, 959 (9th Cir. 2013)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

### B.    Factual Allegations

The allegations in Plaintiff's amended complaint are jumbled and confusing, but in both his operative and original pleadings he makes clear that he seeks both $947 million in damages and an "exoneration through dismissal or reductions to misdemeanors" for unspecified counts and/or a conviction entered in San Diego Superior Court Criminal Case

///

3:25-cv-01701-JES-LR

///

No. SCD304625.[2] *See* ECF No. 4 at 1, 6; ECF No. 1 at 1. Both pleadings also center on a Superior Court judge's refusal to set aside a plea deal which appears to have involved resisting arrest charges or "felony strike" resulting from his interaction with a Wells Fargo Bank security guard named Alex Campos.[3] *See* ECF No. 4 at 6; ECF No. 1 at 3, 6–7.

### C.     Discussion

Plaintiff's pleadings are subject to *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) without leave to amend because it is clear from their face that suit is barred by both the Eleventh Amendment and *Heck v. Humphrey*, 512 U.S. 477 (1994).

### 1.     Eleventh Amendment Immunity

First, to the extent Plaintiff's § 1983 suit seeks monetary damages and names only the San Diego County Superior Court as a Defendant, it must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). *See Chavez v. Robinson*, 817 F.3d 1162, 1167–69, (9th Cir. 2016) (noting § 1915(e)(2)(B)(iii) "mandates early review" and requires dismissal if it is clear from the face of the complaint that the governmental defendants are

---

[2] The Court acknowledges that "[n]ormally, an amended complaint supersedes the original complaint," *Pac. Bell Tel. Co. v. Linkline Comms., Inc.*, 555 U.S. 438, 456 n.4 (2009), but in this case finds it necessary to consult both Plaintiff's pleadings in order to better understand and liberally construe his claims. *See Harris v. Muhammad*, __F.4th __, No. 24-3307, 2026 WL 292420, at *4 (9th Cir. Feb. 4, 2026) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading[s]' of pro se litigants.") (quoting *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citation omitted)).

[3] The Court notes Plaintiff's amended complaint also appears to challenge the dismissal of another § 1983 civil rights suit he filed against Alex Campos in *Ramos v. Campos*, S.D. Cal. Case No. 3:25-cv-01700-JO-BLM. *See* ECF No. 4 at 1. That case was dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Campos, a private security guard, is not a state actor subject to suit under 42 U.S.C. § 1983. *See id.*, ECF No. 12.

3:25-cv-01701-JES-LR

immune).

"In our constitutional scheme, a federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 589 U.S. 248, 254 (2020). This prohibition applies when either the "state or the 'arm of a state' is a defendant." *Munoz v. Superior Ct. of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024) (citation omitted); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (holding that "'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court," *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (citation omitted), and the Supreme Court has held that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Id.* (citing *Kentucky v. Graham,* 473 U.S. 159, 169 n.17 (1985)). Thus, "[b]ecause the Superior Court is an arm of the state—and no exception applies to the rule prohibiting suits against the state—it has Eleventh Amendment immunity." *Munoz*, 91 F.4th at 980; *see also Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

### 2.    *Heck's* "Favorable Termination" Requirement

Second, Plaintiff seeks to challenge the constitutional validity of his criminal conviction in SCD304625 based on claims that it was obtained by way of a "faulty plea deal" achieved through coercion and duress by way of § 1983, but does not also show that conviction has already been invalidated. *See* ECF No. 1 at 1; ECF No. 4 at 6. Thus, even if he named a proper Defendant, a *Heck* bar is "obvious from the face of his complaint," and his suit also requires *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Hebrard*, 90 F.4th at 1007 (citing *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (noting that a court may properly dismiss a *Heck*-barred claim [for failing to state a claim "if there exists an 'obvious bar to securing relief on the face of the complaint.'")).

3:25-cv-01701-JES-LR

///

The *Heck*-bar, or "required favorable termination rule, is a rule of preclusion named after *Heck v. Humphrey*—the Supreme Court case that outlined the doctrine." *Hebrard*, 90 F.4th at 1007. In *Heck*, the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (emphasis in original).

In short, "*Heck*'s 'favorable termination' rule is based on the 'hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *King v. R. Villegas,* 156 F.4th 979, 983 (9th Cir. 2025) (quoting *Heck*, 512 U.S. at 486 & n.5). Thus, if a prisoner seeks relief in federal court based on claims that fall "within the core of habeas corpus," *Nance v. Ward,* 597 U.S. 159, 160 (2022) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)), and a grant of relief would "necessarily imply the invalidity of his conviction or sentence," a habeas corpus petition, and not a civil rights suit, serves as the "exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 487–89 (1973) ("[A] state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus."); *accord McDonough v. Smith*, 588 U.S. 109, 118 n.6 (2019) (noting "Congress has determined that a petition for writ of habeas corpus, not a § 1983 action, is the appropriate remedy for state prisoners attacking the . . . fact or length of their confinement"); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citations omitted).

Here, Plaintiff seeks damages and to set aside an allegedly unlawful sentence he

7

claims was the product of a "faulty" guilty plea. *See* ECF No. 1 at 1. *Heck*'s prohibition applies to convictions resulting from a guilty plea. *Martell v. Cole*, 115 F.4th 1233, 1236 (9th Cir. 2024); *see also Duarte v. City of Stockton*, 60 F.4th 566, 571 (9th Cir. 2023) (noting that "*Heck* speaks of challenges that would impugn 'a conviction *or* sentence[.]'") (quoting *Heck*, 512 U.S. at 486–87 (emphasis added)). Because Plaintiff contends he pleaded guilty to offenses in SCD304625 only due to coercion, "persuasive duress," and a "conspiracy" between the San Diego Superior Court and his former appointed counsel, *see* ECF No. 1 at 1–2, and as a result is currently serving a term of custody in violation of the First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments, *see* ECF No. 4 at 5, his suit necessarily attacks both the constitutional validity and length of his confinement, and may not proceed pursuant to § 1983 unless he also shows his conviction and/or sentence has already been invalidated. *Heck*, 512 U.S. at 486–87; *see also Boyle v. Nelson*, No. 6:24-CV-01946-AA, 2025 WL 295142, at *5 (D. Or. Jan. 24, 2025) (dismissing § 1983 suit *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) as *Heck*-barred where plaintiff alleged "the District Attorney, counsel for Deschutes County, and Detective Hudson engaged in a conspiracy to coerce the plaintiff into entering [an] *Alford* plea.").

He has not. Instead, Plaintiff refers only to an unsuccessful request he made to the Superior Court to re-open his case and retract his plea, and admits he "has 14 months left out of [a] two-year term." *See* ECF No. 1 at 6. Nowhere in either of his pleadings does Plaintiff contend his conviction in SCD304625 has been invalidated in his favor. A plaintiff must first prove that his conviction or sentence has been favorably terminated—only then may he bring suit for damages. *See Roberts v. City of Fairbanks*, 947 F.3d 1191, 1196–98 (9th Cir. 2020); *Nettles*, 830 F.3d at 928. "Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983[.]" *Ramirez v. Galaza*, 334 F.3d 850, 855–56 (9th Cir. 2003) (quoting *Heck*, 512 U.S. at 489*);* *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his

3:25-cv-01701-JES-LR

custody, raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.").

### 3.    Dismissal & Leave to Amend

Therefore, because the Court finds Plaintiff both fails to state a claim upon which § 1983 relief may be granted, and seeks monetary damages from a defendant who is immune, it **DISMISSES** his case *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez,* 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121; *Chavez*, 817 F.3d at 1167. As Plaintiff cannot fix both these pleading deficiencies, the Court **DENIES** leave to amend as amendment would be futile. *See Beets v. County of Los Angeles*, 669 F.3d 1038, 1041–42 (9th Cir. 2012) (holding that the filing of an amended complaint is futile if claims are barred by *Heck*), *disapproved of on other grounds by Lemos v. County of Sonoma*, 40 F.4th 1002 (9th Cir. 2022); *Bell v. Allison*, No. 20-16880, 2022 WL 4077119, at *1 (9th Cir. Sept. 6, 2022) (affirming dismissal of *Heck*-barred claims without leave to amend because "amendment would be futile"); *Gallagher v. Univ. of Cal., Hastings Coll. of the L.*, No. 01-cv-01277-PJH, 2001 WL 1006809, at *4 (N.D. Cal. Aug. 16, 2001) ("The dismissal is without leave to amend because an amendment would be futile in view of the court's finding that the defendants enjoy sovereign immunity." (citations omitted)).

## III.   CONCLUSION

Good cause appearing, the Court:

(1)    **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 5).

(2)    **DIRECTS** the Facility Commander at the LASD's MCJ, or their designee, to collect from Plaintiff's trust account the $4.86 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account

exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

(3)   **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Watch Commander, MEN'S CENTRAL JAIL (MCJ), 441 Bauchet Street, Los Angeles, 90012.

(4)   **DISMISSES** this civil action *sua sponte* and in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1), (2) without leave to amend.

(5)   **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

(6)   **DIRECTS** the Clerk of the Court to enter judgment and close the file.

**IT IS SO ORDERED**.

Dated:  February 27, 2026

Honorable James E. Simmons Jr.
United States District Judge

3:25-cv-01701-JES-LR